**In re Sally Ann DURAN, Debtor.**

**No. 03–10624 ABC.**

United States Bankruptcy Court, D. Colorado.

April 8, 2003.

James E. Brown, Denver, CO, Cynthia J. Olson, Denver, CO, Deanne R. Stodden, Denver, CO, Alice Whitten, Arlington, TX, for creditors.

### ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPEAL

BRUCE A. CAMPBELL, Bankruptcy Judge.

On February 18, 2003, Debtor filed her Emergency Motion for Stay Pending Ap-

peal ("Motion"). Debtor seeks a stay of an order granting relief from the section 362 automatic stay to Olympus Servicing LP for the Benefit of the Owner, DLJ Mortgage Capital, Inc. ("Olympus"). Olympus filed its motion seeking stay relief on January 17, 2003. The order granting relief from stay entered on February 13, 2003 ("Order"). The Order contains language which purports to "waive" the ten-day stay provisions of Bankruptcy Rule 4001(a)(3), and consequently, it was effective immediately on being entered. Debtor now asks this Court to stay the Order to prevent Olympus from proceeding with a state court eviction proceeding, pending appeal.

Debtor makes a number of allegations with respect to the merits of the state court proceeding, none of which are relevant to the stay relief proceeding here. This Court granted Olympus relief from stay because the uncontested proffers of evidence presented at the hearing held pursuant to Local Bankruptcy Rule 401(c) [1] demonstrated that the Debtor's redemption period had expired, and title to the property had vested in Olympus, as a matter of state law, prior to the filing of Debtor's case. The Court did not, and could not make any findings under section 362(e) that the Debtor was reasonably like-

ly to prevail at the conclusion of a final hearing, and thus did not, and could not, order the stay continued pending a final hearing on the Motion. 11 U.S.C. section 362(e).

The Debtor now seeks a stay of the order granting relief from stay while she appeals. This Court, however, cannot grant the relief requested. Because of the operation of section 362(e), the stay imposed by section 362(a) *automatically* expires thirty days after a request under section 362(d) [2] for relief from stay,

> **unless** the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination made under subsection (d) of this section . . . .

The Court did not continue the stay in effect pending the conclusion of, or as a result of, a final hearing and determination made under subsection (d) of this section. Instead, the Court granted Olympus relief from stay, having determined, on the basis of what was presented at the Local Bankruptcy Rule 401 initial, non-evidentiary hearing, that under section 362(e), there was no "reasonable likelihood that [Debtor] will prevail at the conclusion of such

---

**1.** L.B.R. 401(c) provides the applicable procedures for an initial hearing on a motion for relief from automatic stay. The rule provides, in part, that no witnesses are examined and no testimony is taken. A party intending or desiring to present evidence does so by way of an oral declaration of facts and offers of proof with respect to the evidence which the party would submit in sufficient detail to enable the court to make specific findings based thereon. As in this case, the initial hearing may also be a "final" hearing, resulting in granting or denying the stay relief application. Alternatively, "based on the declarations, exhibits and arguments presented, the court may treat the hearing as a preliminary hearing and, if required by 11 U.S.C. § 362(e), set the matter over for final hearing." L.B.R. 401(c)(5).

**2.** Section 362(d) provides:

> On request of a party in interest and after notice and a hearing, the shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization . . . .

final hearing." Only where the court finds such "reasonable likelihood" can relief from stay be denied at the initial hearing and the stay continued in effect and carried over to a final evidentiary hearing on material disputed facts.[3]

Because of the operation of section 362(e), the relief that the Debtor seeks on the instant Motion, i.e. a stay or tolling of the Court's order granting relief from stay, is impossible to grant. Subsection (e) of section 362 states that the section 362(a) stay automatically expires thirty days from filing of a section 362(d) stay relief application *unless one of two prescribed events occurs:* (a) the court orders the stay continued in effect pending an evidentiary hearing; or (b) the court orders the stay continued in effect following a final hearing—whether the "final" hearing is an initial or continued evidentiary hearing. For event (a) to occur, the party opposing stay relief at a preliminary, non-evidentiary hearing must demonstrate "reasonable likelihood" of prevailing if the matter is set over to a final evidentiary hearing. For event (b) to occur, the party opposing stay relief must prevail in getting the stay relief application denied, either at an initial or subsequent evidentiary hearing. Barring the occurrence of one of these two events, *there is no stay* thirty days after an application for stay relief is filed. It simply expires—"is terminated"—by Congress's mandate contained in section 362(e).

Thus at the initial Local Bankruptcy Rule 401(c) non-evidentiary hearing on Olympus's stay relief application, the Court having entered no order continuing the stay and thereby meeting one of the two "unless" conditions of section 362(e), the stay, as to Olympus, expired and no longer existed after February 16, 2003 (thirty days after Olympus filed its application for stay relief). Staying the operation of the Court's February 13, 2003 order does not change this. At most, the Court's February 13th ruling could, on timely application or by operation of Bankruptcy Rule 4001(a)(3), have been stayed a maximum of three days, from the date it entered on February 13th to February 16th, thirty days after the subject stay relief application was filed by Olympus on January 17th. In short, after February 16th, it is not only this Court's order that relieved Olympus from the stay, but, more importantly, the thirty-day time limit on the stay that Congress mandated in section 362(e). This Court cannot stay the operation of Congress's mandate in section 362(e).[4]

---

**3.** Of course, the stay also continues unaffected if a motion for relief from stay is *denied* summarily at the initial hearing, for example, where an applicant fails to carry its burden of going forward by not presenting any offers of proof or by presenting inadequate evidence to justify either granting relief from stay at the initial hearing stage or continuing the matter to a final evidentiary hearing.

**4.** Bankruptcy Rule 4001(a)(3) was added by 1999 amendment to the Bankruptcy Rules. In circumstances not controlled by the thirty-day stay duration limitation of Code § 362(e), it automatically grants a ten-day stay of an order granting relief from the § 362(a) stay. Bankruptcy Rule 4001(a)(3) is part of the series of Bankruptcy Rule amendments that

were added specifically to delay operation of certain orders in conjunction with eliminating Bankruptcy Rule 7062 from those automatically applicable under Bankruptcy Rule 9014 to contested matters. [*See also* Bankruptcy Rules 3020, 3021, 6004 and 6006]. Bankruptcy Rule 7062 incorporates Federal Rule of Civil Procedure 62 and its ten-day automatic stay of execution. When, prior to 1999, Bankruptcy Rule 7062, and thus Fed.R.Civ.P. 62 were applicable through Bankruptcy Rule 9014 to contested matters, there was explicitly excepted from Rule 62's automatic ten-day stay of execution, "order[s] granting relief from an automatic stay provided by § 362."

At first blush, it may appear that reading § 362(e) to limit in some circumstances the operation of Bankruptcy Rule 4001(a)(3)'s au-

Unless one of the above-described conditions of section 362(e) is met—and in this case it was not—the stay is simply gone thirty days after a section 362(d) application is filed.

Accordingly, the Debtor's Motion is DENIED without prejudice to her right to seek relief from the district court or to seek relief in the state court proceedings.

tomatic stay, unduly complicates the debtor's appeals process when stay relief is granted. That is an unlikely conclusion given that before the promulgation of Bankruptcy Rule 4001(a)(3) in 1999, there were *no* circumstances where an automatic stay applied to an order granting relief from stay. Furthermore, to the extent Bankruptcy Rule 4001(a)(3) is read to be inconsistent with the Congressional thirty-day stay duration mandate of Code § 362(e), it would exceed the rule making power given the Supreme Court by Congress in 28 U.S.C. § 2075.